1829.

Spencer
v.
Van Duzen.

---

### SPENCER v. VAN DUZEN AND JONES.

If the defendant in his answer sets up a distinct matter by way of avoidance, which is not called for by the bill, the same, if irrelevant or immaterial, may be excepted to for impertinence, or the complainant may have the benefit of the objection upon the hearing.

If the complainant wishes to compel the defendant to state the new matter set up by way of defence with more particularity, he should amend his bill and state the matter by way of pretences, and call upon the defendant to answer as to the particulars.

August 4th

THIS cause was heard on exceptions to a master's report on exceptions to the answer of Van Duzen for insufficiency.

The master reported the answer insufficient in the matter of the 1st, 2d, 10th, 11th and 12th exceptions. The report was excepted to in these particulars; and the exceptions were submitted without argument. The facts sufficiently appear in the opinion of the Chancellor.

*J. Hoyt, for complainant.

D. B. Talmadge, for defendant.

THE CHANCELLOR :—The first and second exceptions to the answer were promptly allowed, for the reasons given by the master.

The tenth exception appears to have been improperly allowed. The defendant says, that in a certain conversation between him and the complainant, the latter agreed to receive his note in payment of the loan of $3,000, and instructed his partner to receive the same, and execute a release, which was done accordingly on the 30th of September, 1826. The master has declared the answer insufficient, because the defendant does not state the particular day on which this conversation took place. I cannot see how the time can possibly be material. It is stated to have been between the execution of the mortgage to Jones and the giving of the deed. This is all that appears material as to time. There is nothing in the bill calling for the time or particulars of this conversation. This exception to the answer should have been overruled.

The eleventh and twelfth exceptions ought also to have been disallowed. The part of the answer to which these exceptions are taken is no way responsive to the bill, and was not called for by the complainant. It relates to a distinct claim set up on the part of the defendant by way of set-off. If the defendant sets up a distinct matter by way of avoidance, and which is not called for by the bill, the answer cannot be excepted to for insufficiency. If the fact stated

1829.

Spencer
v.
Van Duzen.

[*556]

is wholly immaterial, the answer may be excepted to for impertinence, or the complainant will have the benefit of his objection on the hearing. (*Clissold* v. *Powell*, 2 Madd. Ch. 355.) If the complainant wishes to have the details of any new matter set up by way of defence, he should amend his bill and state the matter by way of pretences, and call upon the defendant to answer as to the particulars thereof.

The two first exceptions to the master's report are overruled, and the three last are allowed. The costs to which the parties are entitled will be fairly off set by allowing none to either party on these exceptions, or on the original exceptions *to the answer. The defendant must put in a further answer to the two first exceptions in twenty days, unless the complainant amends his bill within ten days; in which case the defendant is to have forty days after the amendments are served to answer the amendments and exceptions together.